# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Boris Sereda

**DEFENDANTS**
Mills Corporation, et al

**(b)** County of Residence of First Listed Plaintiff    Bucks
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Eric Rayz, Esq., Kalikhman & Rayz LLC, 1051 County Line Rd., Suite 102
Huntingdon Valley, PA 19406 215-364-5030

Attorneys (If Known)
Charles Jay Bogdanoff, Esq., Gekoski & Bogdanoff, P.C.
42 S. 15th Street, Suite 1414, Phila. PA 19102 215-563-2511

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1   U.S. Government Plaintiff
- ☐ 3   Federal Question (U.S. Government Not a Party)
- ☐ 2   U.S. Government Defendant
- ☒ 4   Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

**V. ORIGIN** (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. Sections 1331 and 1442
Brief description of cause:
Plaintiff allegedly struck by a swung padlock attached to a portable cart

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
  **DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY**
(See instructions):
JUDGE      DOCKET NUMBER

DATE
August 24, 2009

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #      AMOUNT      APPLYING IFP      JUDGE      MAG. JUDGE

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff:＿＿＿Boris Sereda - 95 Lempa Road, Holland PA 18966＿＿＿＿＿＿＿＿＿

＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿

Address of Defendant:＿＿＿See attached list＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿

＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿

Place of Accident, Incident or Transaction:＿＿1455 Franklin Mills Circle, Phila, PA 19154＿＿＿＿＿

＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿　(Use Reverse Side For Additional Space)

＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿

＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))
Yes☐　No☒

＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿

Does this case involve multidistrict litigation possibilities?　Yes☐　No☒
RELATED CASE, IF ANY:

Case Number: ＿＿＿＿＿＿＿＿＿＿ Judge ＿＿＿＿＿＿＿＿＿＿＿ Date Terminated: ＿＿＿＿

＿＿＿＿＿＿＿＿＿＿＿＿＿＿

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
Yes☐　No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated
action in this court?　Yes☐　No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously
terminated action in this court?　Yes☐　No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?　Yes☐　No☐

＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A.  Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent

B.  Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury

6. ☐ Labor-Management Relations

7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

6. ☑ Other Personal Injury
    (Please specify) *neglegende ht*
    *wk jublook*

7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify)

## ARBITRATION CERTIFICATION
### (Check appropriate Category)

I,_____, counsel of record do hereby certify:

  ☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case      exceed the sum of $150,000.00 exclusive of interest and costs;

  ☐ Relief other than monetary damages is sought.

DATE: _____      _____   _____

                          Attorney-at-Law                     Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

_____

**I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.**

DATE: *8-24-09*_____      _____

                    **Charles Jay Bogdanoff, Esquire**
                    Attorney-at-Law                        Attorney I.D.# 02657

CIV. 609 (6/08)

John Doe
1243 Nottingham Way, Apt WA
Trenton, NJ 08609

## List of Defendants According to the Plaintiff

Mills Corporation
5425 Wisconsin Avenue, Suite 500
Chevy Chase, MD 20815

Mainstreet Retail LP
c/o Mills Corporation
5425 Wisconsin Avenue, Suite 500
Chevy Chase, MD 20815

Mills Management LLC
c/o Mills Corporation
5425 Wisconsin Avenue, Suite 500
Chevy Chase, MD 20815

Franklin Mill Associate, LP
c/o SPG
225 West Washington Street
Indianapolis, IN 46204

Management Association, LP
c/o SPG
225 West Washington Street
Indianapolis, IN 46204

Mills, LP
c/o SPG
225 West Washington Street
Indianapolis, IN 46204

Miami Balloon
1243 Nottingham Way, Apt WA
Trenton, NJ 08609

Ayman A. Mahgoub d/b/a Miami Balloon
1243 Nottingham Way, Apt WA
Trenton, NJ 08609

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN OF PENNSYLVANIA

| | |
|---|---|
| BORIS SEREDA | |
| v. | CIVIL ACTION |
| MILLS CORPORATION | NO. 09- |
|     and | |
| FRANKLIN MILL ASSOCIATE, LP | |
|     and | |
| MILLS MANAGEMENT, LLC | |
|     and | |
| MANAGEMENT ASSOCIATION, LP | |
|     and | |
| MILLS, LP | |
|     and | |
| MAINSTREET RETAIL LIMITED | |
| PARTNERSHIP | |
|     and | |
| MIAMI BALLOON | |
|     and | |
| AYMAN A. MAHGOUB d/b/a MIAMI | |
| BALLOON | |
|     and | |
| JOHN DOE | |

**NOTICE OF REMOVAL**

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Defendants, The Mills Corporation (misnamed as Mills Corporation), Mills Management LLC, Management Associates Limited Partnership (misnamed as Management Association, LP) and The Mills Limited Partnership (misnamed as Mills, LP) hereby respectfully give notice of the removal of the case of Boris Sereda v. Mills Corporation, et al, which was filed in the Court of Common Pleas of Philadelphia County, Commonwealth of Pennsylvania, docketed as June Term 2009, No. 1546, to the United States District Court of the Eastern District of Pennsylvania, and submit in support thereof the following:

1. On or about June 10, 2009, there was commenced in the Court of Common Pleas of Philadelphia County, Commonwealth of Pennsylvania, a certain civil action entitled Boris Sereda v. Mills Corporation, et al, by the filing of a Complaint, a copy of which is attached hereto marked as Exhibit A, which is incorporated herein by reference without adopting the contents thereof. The civil action was assigned the docket designation June Term, 2009, No. 1546 by the Prothonotary of the Court of Common Pleas of Philadelphia County, Pennsylvania.

2. The Plaintiff's Complaint asks that the Court enter judgment in favor of the Plaintiff "in excess of $50,000.00, plus court costs, interest and attorneys' fees, as well as any and all relief that the Honorable Court deems just and appropriate."

3. On August 19, 2009, Michael S. Bogdanoff, Esquire, an attorney for the Removing Defendants, wrote a letter to counsel for the Plaintiff, Eric Rayz, Esquire, a copy of which is attached hereto marked as Exhibit B, which documents a conversation which took place between Eric Rayz and Michael Bogdanoff.

4. During the conversation between Eric Rayz and Michael S. Bogdanoff, Mr. Rayz

stated that he had not yet spoken with his client to formulate a settlement demand, but that the
demand would exceed Two Hundred Thousand ($200,000.00) Dollars.

5.  At all time relevant and material to this action and this Notice of Removal, including
the time of the accrual of the Plaintiffs' causes of action, if any, the commencement of the
Plaintiff's suit in the Court of Common Pleas of Philadelphia County, Commonwealth of
Pennsylvania and the date of the filing of this Notice of Removal, there was and is complete
diversity of citizenship between the Plaintiff and the Defendants as follows:

a.  The Plaintiff was and is a citizen and resident of the Commonwealth of Pennsylvania.

b.  Defendant, The Mills Corporation, which was misnamed by the Plaintiff as Mills
Corporation,  was a corporation which was organized and existing under the laws of the State of
Delaware and whose principal place of business was in the State of Maryland.  Papers to dissolve
the Mills Corporation were filed with the State of Delaware. To the extent that The Mills
Corporation still exists and/or is organized, it exists and/or is organized under the laws of the
State of Delaware and its principal place of business is located in the State of Maryland.

c.  Defendant Mills Management, LLC is a limited liability company which was and is
organized and existing under the laws of the State of Delaware whose principal place of business
was and is located in the State of Indiana.

d.  Defendant Management Associates Limited Partnership, which was misnamed by the
Plaintiff as Management Association, LP., is a limited partnership which was and is organized
under the laws of the State of Delaware whose principal place of business was and is located in
the State of Indiana.

e.  Defendant, The Mills Limited Partnership, misnamed by the Plaintiff as Mills, LP, was
and is a limited partnership organized and existing under the laws of the State of Delaware whose

principal place of business was and is located in the State of Indiana.

f.  Defendant, Franklin Mills Associates Limited Partnership, misnamed by the Plaintiff as Franklin Mill Associate LP, was and is a limited partnership organized and existing under the laws of the District of Columbia, whose principal place of business was and is located in the State of Indiana.

g.  Defendant Mainstreet Retail Limited Partnership, was and is a limited partnership organized and existing under the laws of the State of Delaware whose principal place of business was and is located in the State of Indiana.

h.  Defendant Ayman Mahgoub d/b/a Miami Balloon was and is a citizen and resident of the State of New Jersey.

i.  At all times relevant and material hereto, Ayman Mahgoub, a citizen and resident of the State of New Jersey, engaged in business as Miami Balloon, whose principal place of business was and is located at 1243 Nottingham Way, Trenton, New Jersey.

j.  At all times relevant and material hereto, "Miami Balloon" was a fictitious name of the business of Ayman Mahgoub.

6. For purposes of removal,  28 U.S.C. §1441(a) provides that "the citizenship of defendants sued under fictitious names shall be disregarded."

7.  The Plaintiff's Complaint identifies a Defendant as "John Doe" and states that John Doe as an adult individual who can be served at 1243 Nottingham Way, Apartment WA, Trenton, New Jersey 08609.

8.  No affidavit of service has been filed with respect to "John Doe".

9. It is alleged upon information and belief that "John Doe" has not been served.

10.  It is alleged upon information and belief that Miami Balloon and Ayman A.

Mahgoub d/b/a Miami Balloon have not been served.

11.  The above described action is a civil action over which this court has original jurisdiction under the provisions of 28 U.S. §1332, and is one which now may be removed to this Court by the Removing Defendants, pursuant to the provisions of 28 U.S.C. §1441, in that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

12.  This Notice of Removal is being filed within thirty (30) days of the receipt by the parties filing this Notice of Removal of the initial pleading setting forth a claim for relief upon which such action or proceeding is based and/or within thirty (30) days after receipt by the parties filing this Notice of Removal of an amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable.

13. This Honorable Court has jurisdiction over this matter by virtue of 28 U.S.C. §1332 and 28 §1441.

14.  Promptly after filing of this Notice of Removal, the removing party will give written notice of the removal of this case to all adverse parties and will file a copy of this Notice of Removal with the Prothonotary of the Court of Common Pleas of Philadelphia County, Commonwealth of Pennsylvania.

15.  Pursuant to 28 U.S.C. §1446, there is filed herewith and attached hereto a true and correct copy of all process, pleadings and orders served upon the Removing Defendants in this action.

Respectfully submitted,

Charles Jay Bogdanoff, Esquire
Attorney for Defendants The Mills
Corporation (misnamed as Mills
Corporation), Mills Management LLC,
Management Associates Limited Partnership
(misnamed as Management Association, LP)
and The Mills Limited Partnership
(misnamed as Mills, LP)

# VERIFICATION

I, Charles Jay Bogdanoff, Esquire, do hereby verify that I am the attorney for Defendants The Mills Corporation (misnamed as Mills Corporation), Mills Management LLC, Management Associates Limited Partnership (misnamed as Management Association, LP) and The Mills Limited Partnership (misnamed as Mills, LP), that I am authorized to make this Verification on their behalf and that the averments set forth in the Defendants' Notice of Removal are true and correct to the best of my information, knowledge and belief.

I understand that this Verification is made subject to the penalties of 18 Pa. C.S.A. §4904 relating to unsworn falsifications to authorities.

_8-24-09_
DATE

_Charles Jay Bogdanoff, Esquire_

# CERTIFICATE OF SERVICE

I, Charles Jay Bogdanoff, Esquire, do hereby certify that I did serve the Notice of

Removal of Defendants The Mills Corporation (misnamed as Mills Corporation), Mills

Management LLC, Management Associates Limited Partnership (misnamed as Management

Association, LP) and The Mills Limited Partnership (misnamed as Mills, LP) by mailing a true

and correct copy thereof by first class mail, postage prepaid, on August 24, 2009 addressed to

counsel of record as follows:


Eric Rayz, Esquire
Kalikhman & Rayz, LLC
1051 County Line Road, Suite 102
Huntingdon Valley, PA 19006
Attorney for the Plaintiff

Ramon Townsend, Esquire
Law Offices of Jeffrey H. Eiseman
1515 Market Street
Suite 1802
Philadelphia, PA 19102
Attorney for Defendants Mainstreet Retail
Limited Partnership and Franklin Mill
Associate, LP


John Baginski, Esquire
Gregory P. Voci, Esquire
Baginski, Mezzanotte, Hasson & Rubinate
Suite 500 Public Ledger Building
150 South Independence Mall West
Philadelphia, PA 19106
Attorney for Defendants Miami Balloon and
Ayman A. Mahgoub, d/b/a Miami Balloon

Respectfully submitted,


_____

Charles Jay Bogdanoff, Esquire
Attorney for Defendants The Mills
Corporation (misnamed as Mills
Corporation), Mills Management LLC,
Management Associates Limited Partnership
(misnamed as Management Association, LP)
and The Mills Limited Partnership
(misnamed as Mills, LP)

# EXHIBIT A

**KALIKHMAN & RAYZ, LLC**
Eric Rayz, Esquire
Identification No. 87976
1051 County Line Road, Suite 102
Huntingdon Valley, PA 19006
Phone: (215) 364-5030
Fax: (215) 364-5029
E-mail: erayz@kalraylaw.com

**ATTORNEY(S) FOR PLAINTIFF(S)**

---

BORIS SEREDA
95 Lempa Road
Holland, PA 18966

      Plaintiff(s)

    v.

MILLS CORPORATION
1300 Wilson Blvd, Suite 400
Arlington, VA 22209

FRANKLIN MILL ASSOCIATE, LP
C/O THE MILLS CORPORATION
1300 Wilson Blvd, Suite 400
Arlington, VA 22209

MILLS MANAGEMENT, LLC
C/O THE MILL CORPORATION
1300 Wilson Blvd, Suite 400
Arlington, VA 22209

MANAGEMENT ASSOCIATION, LP
C/O THE MILLS CORPORATION
1300 Wilson Blvd, Suite 400
Arlington, VA 22209

MILLS, LP
C/O THE MILLS CORPORATION
1300 Wilson Blvd
Arlington, VA 22209

MAINSTREET RETAIL LIMITED
PARTNERSHIP
C/O THE MILLS CORPORATION
1300 Wilson Blvd, Suite 400
Arlington, VA 22209

MIAMI BALLOON
1243 Nottingham Way, Apt. WA
Trenton, NJ 08609

COURT OF COMMON PLEAS
PHILADELPHIA COUNTY

CIVIL ACTION

AYMAN A. MAHGOUB D/B/A MIAMI
BALLOON
1243 Nottingham Way, Apt. WA
Trenton, NJ 08609

JOHN DOE
1243 Nottingham Way, Apt. WA
Trenton, NJ 08609

        Defendant(s)

## NOTICE TO DEFEND

You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court you defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.**

**PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL & INFORMATION
SERVICE
ONE READING CENTER
PHILADELPHIA, PA  19107
TELEPHONE: 215-238-1701**

## AVISO

Le han demandado a usted en la corte.  Si usted quiere defenderse de estas de estas demandas expuestas an las paginas signientes, usted tiene veinte (20) dias de plazo al partir de ia fecha de la demanda y ia notificacion.  Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona.  Sea avisado que si usted no se defiende, le corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion.  Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda.  Usted puede perder dinero o sus propiedades u ostros derechos importantes para usted.

**LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE, SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO.  VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.**

**SERVICIO DE REFERENCIA LEGAL
ONE READING CENTER
FILADELFIA, PA  19107
TELEFONO: 215-238-1701**

**KALIKHMAN & RAYZ, LLC**
Eric Rayz, Esquire
Identification No. 87976
1051 County Line Road, Suite 102
Huntingdon Valley, PA 19006
Phone: (215) 364-5030
Fax: (215) 364-5029
E-mail: erayz@kalraylaw.com

**ATTORNEY(S) FOR PLAINTIFF(S)**

---

| | |
|---|---|
| BORIS SEREDA | COURT OF COMMON PLEAS |
| Plaintiff(s) | PHILADELPHIA COUNTY |
| v. | CIVIL ACTION |
| MILLS CORPORATION, et al. | |
| Defendant(s) | |

---

### I.   INTRODUCTION

1.     This action is being brought against Defendant(s) for personal injuries sustained by Plaintiff, BORIS SEREDA (hereinafter "Plaintiff"), at Defendant(s)' place of business.

### II.   PARTIES

2.     Plaintiff is an adult individual citizen of the Commonwealth of Pennsylvania, currently residing at 95 Lempa Road, Philadelphia, PA 18966.

3.     Defendant, MILLS CORPORATION (hereinafter, individually, "MC"), is a corporation organized under the laws of the State of Virginia, operating a commercial enterprise within the Commonwealth of Pennsylvania, which maintains a registered address within the Commonwealth, and can be served at its headquarters, located at 1300 Wilson Blvd, Suite 400, Arlington, VA 22209.

4.     Defendant, FRANKLIN MILL ASSOCIATE, LP C/O THE MILLS CORPORATION (hereinafter, individually, "FMA"), is a limited partnership, organized under the laws of the State of Virginia, operating a commercial enterprise within the Commonwealth of Pennsylvania, which maintains a registered address within the Commonwealth, and can be served at its

headquarters, located at 1300 Wilson Blvd, Suite 400, Arlington, VA 22209.

5.      Defendant, MILLS MANAGEMENT, LLC C/O THE MILL CORPORATION (hereinafter, individually, "MM"), is a limited liability company, organized under the laws of the State of Virginia, operating a commercial enterprise within the Commonwealth of Pennsylvania, which maintains a registered address within the Commonwealth, and can be served at its headquarters, located at 1300 Wilson Blvd, Suite 400, Arlington, VA 22209.

6.      Defendant, MANAGEMENT ASSOCIATION, LP C/O THE MILLS CORPORATION (hereinafter, individually, "MA"), is a limited partnership, organized under the laws of the State of Virginia, operating a commercial enterprise within the Commonwealth of Pennsylvania, which maintains a registered address within the Commonwealth, and can be served at its headquarters, located at 1300 Wilson Blvd, Suite 400, Arlington, VA 22209.

7.      Defendant, MILLS, LP C/O THE MILLS CORPORATION (hereinafter, individually, "MILLS"), is a limited partnership, organized under the laws of the State of Virginia, operating a commercial enterprise within the Commonwealth of Pennsylvania, which maintains a registered address within the Commonwealth, and can be served at its headquarters, located at 1300 Wilson Blvd, Suite 400, Arlington, VA 22209.

8.      Defendant, MAINSTREET RETAIL LIMITED PARTNERSHIP C/O THE MILLS CORPORATION (hereinafter, individually, "MRLP"), is a limited partnership, organized under the laws of the State of Virginia, operating a commercial enterprise within the Commonwealth of Pennsylvania, which maintains a registered address within the Commonwealth, and can be served at its headquarters, located at 1300 Wilson Blvd, Suite 400, Arlington, VA 22209.

9.      Defendant, MIAMI BALLOON (hereinafter "MB"), is a company licensed to do business in the Commonwealth of Pennsylvania, and can be served at its principle place of business at 1243 Nottingham Way, Apartment WA, Trenton, New Jersey 08609.

10.     Defendant, AYMAN A. MAHGOUB D/B/A MIAMI BALLOON (hereinafter "AAM"), is an adult, individual citizen of the State of New Jersey, who is involved in a commercial

enterprise in the Commonwealth of Pennsylvania and conducts business in the Commonwealth of Pennsylvania under the name "Miami Balloon" and can be served at 1243 Nottingham Way, Apartment WA, Trenton, New Jersey 08609.

11.     Defendant, JOHN DOE, is an adult salesperson of Miami Balloon believed to be an individual citizen of the Commonwealth of Pennsylvania, who can be served at 1243 Nottingham Way, Apartment WA, Trenton, New Jersey 08609.

### III.     VENUE

12.     The venue for this matter is proper, in that the cause of action arose within the confines of Philadelphia County.

### IV.     CAUSE OF ACTION

13.     Defendant(s), at the time of the event set forth in this Complaint, owned and/or possessed and/or managed and/or maintained and/or controlled the premises located at 1455 Franklin Mills Circle, Philadelphia, Pennsylvania 19154 (hereinafter "Premises").

14.     At all times pertinent hereto, Defendant(s) had a duty to maintain the Premises in a reasonably safe condition and to warn business invitees of any concealed perils which are or should be known to the Defendant(s).

15.     At all times pertinent hereto, Defendant(s) conducted continuous and substantial business in the Commonwealth of Pennsylvania.

16.     At all times relevant and material hereto, Plaintiff was a business invitee of Defendant(s) on or about the Premises, and was in no manner responsible for any act or failure to act contributing to the accident hereinafter described.

17.     At all times relevant and material hereto, Plaintiff was lawfully and properly exercising due care for his own safety.

18.     The events upon which this Complaint is based occurred in the evening hours on or about August 6, 2007.

19.     Plaintiff was lawfully on the Defendant(s)' Premises as a business invitee for the

purpose of making a purchase.

20.    While looking for merchandise, Plaintiff was hit right above his left eye with a padlock that was attached to a portable cart, which was violently swung at the Plaintiff by the Defendant(s), John Doe.

21.    As a direct and proximate result of this impact, Plaintiff sustained severe, disabling, painful and permanent injuries, as set forth below, and incurred medical bills and loss of earnings and earning capacity.

**COUNT I – NEGLIGENCE**

22.    Plaintiff hereby incorporates all facts and allegations of this Complaint by reference as if fully set forth at length herein.

23.    The serious injuries sustained by the Plaintiff were directly and proximately caused by the negligence of the Defendant(s), by and through their separate and respective agents, servants, workmen, and/or employees, were careless and negligent in general and in the following particulars:

a.    In breaching their duties under Restatement of the Law of Torts (Second);

b.    In failing to hire competent employees;

c.    In failing to warn plaintiff, a business invitee, of the peculiar, dangerous and unsafe conditions then and there existing upon the premises;

d.    In failing to adopt, enact, employ and enforce proper and adequate safety programs, precautions, procedures, measures and plans;

e.    In failing to perform and furnish services in conformity with the standard of care;

f.    In exposing plaintiff, a business invitee, to peculiar and unreasonable danger;

g.    In failing to maintain the area in a safe condition for customers patronizing the store;

h.     In failing to properly and adequately train and supervise employees to prevent dangerous conditions from existing on the premises;

i.     In misleading the public into believing that the premises were safe;

j.     In striking Plaintiff in the head and/or face;

k.     In causing an unreasonably dangerous condition on the premises, which the Plaintiff could not have been expected to discover by himself;

l.     In creating a trap or nuisance;

m.     In failing to inspect the Premises for any dangerous or potentially dangerous conditions;

n.     In permitting the existence of a dangerous conditions, which created a reasonably foreseeable risk of type of injury which occurred;

o.     In failing to have a proper and adequate policy and procedure concerning the closing of shops, stores, and portable carts on Defendant(s) Premises.

24.     As a result of the aforesaid acts, Plaintiff(s) sustained serious injuries, all of which are or may be a permanent nature, which include but are not limited to:

a.     Severe sprains and strains of and injury to the bones, joints, muscles, ligaments, tendons, discs, nerves and tissues of the neck and upper back;

b.     Severe periorbital hematoma;

c.     Post concussion syndrome (manifested by headaches and dizziness);

d.     Nervousness, nausea, insomnia, blurred vision, emotional tension and anxiety; and

e.     Aggravation of pre-existing disease process and/or prior health deficiencies, such as arthritis and perhaps other dormant or controlled disease processes.

25.  As a result of these injuries, the Plaintiff suffered the following damages:

    a.  As a direct and proximate result of the negligence and carelessness of Defendant(s), Plaintiff has endured and will continue to endure great pain, suffering, inconvenience, embarrassment, mental anguish and emotional and psychological trauma;

    b.  As a direct and proximate result of the negligence and carelessness of Defendant(s), Plaintiff has been and will be required to expend large sums of money for medical treatment and care, hospitalization, medical supplies, rehabilitation and therapeutic treatment, and other attendant services;

    c.  As a direct and proximate result of the negligence and carelessness of Defendant(s), Plaintiff has been unable to engage in his usual and daily duties and occupations, and he will continue to suffer same for an indefinite period of time, perhaps permanently;

    d.  As a direct and proximate result of the negligence and carelessness of Defendant(s), Plaintiff has missed time from work and suffered a loss of earnings which will continue into the future;

    e.  As a direct and proximate result of the negligence and carelessness of Defendant(s), Plaintiff has suffered a permanent and diminished loss in her present and future earning capacity;

    f.  As a direct and proximate result of the negligence and carelessness of Defendant(s), Plaintiff's general health, strength, and vitality have been impaired; and

    g.  As a direct and proximate result of the negligence and carelessness of Defendant(s), Plaintiff has suffered a diminution in his ability to enjoy life and life's pleasures, all of which may continue indefinitely into the future.

WHEREFORE, Plaintiff(s) respectfully request that this Honorable Court enter judgment in their favor in excess of $50,000.00, plus court costs, interest, and attorneys' fees, as well as any and all relief that the Honorable Court deems just and appropriate.

Respectfully submitted,
**KALIKHMAN & RAYZ, LLC**

Eric Rayz, Esquire
Attorney(s) for Plaintiff(s)
1051 County Line Road, Unit 102
Huntingdon Valley, PA 19006
Phone: (215) 364-5030
Fax: (215) 364-5029
E-mail: erayz@kalraylaw.com

Date: June 10, 2009

## VERIFICATION

_____ hereby states that: (1) he/she is the Plaintiff and/or Defendant, a corporate officer, authorized agent, and/or representative for the Plaintiff and/or Defendant in the captioned matter; (2) he/she is acquainted with the facts set forth in the foregoing pleading; (3) same are true and correct to the best of his/her knowledge, information and belief; and (4) this statement is made subject to the penalties, relating to unsworn falsifications to authorities.

_____
Name

_____
Date

.

# EXHIBIT B

GEKOSKI & BOGDANOFF

SUITE 1414
ROBINSON BUILDING
42 SOUTH 15TH STREET
PHILADELPHIA, PA 19105-9568
TELEPHONE (513) 568-4811
FAX (215) 568-0883

*New Jersey Office*
ONE CORPORATE CENTER AT SAGEMORE
TEN THOUSAND SAGEMORE DRIVE
SUITE 10204
MARLTON, NEW JERSEY 08053
(856) 983-9900

*In Reply Please Refer to File No.:*

CHARLES IAN BOGDANOFF

MICHAEL S. BOGDANOFF*

NICHOLAS D. MARTIRIUK
FREDERICK W. BROWN*

GARY KEITH FELDBAUM*

MICHAEL GONZALEZ

www.gekoskibogdanoff.com

*ALSO ADMITTED IN NEW JERSEY
= ALSO ADMITTED IN CONNECTICUT
° RESPONSIBLE NEW JERSEY ATTORNEY

D20612

August 19, 2009

<u>Via Facsimile Transmission</u>
(215) 364-5029

Eric Rayz, Esquire
Kalikhman & Rayz, LLC
1051 County Line Rd. Ste. 102
Huntingdon Valley, PA 19006

RE:   Sereda v. Mills Corporation, et al
Court of Common Pleas, Philadelphia County,
June Term, 2009, No. 001546

Dear Mr. Rayz:

Please allow this correspondence to confirm our conversation of August 13, 2009 in regard to the above-referenced matter. As you know, I am representing some of the Mills entities. You and I discussed the allegations in the complaint, insurance issues, your desire to obtain any video footage of the incident and the settlement value of the case. I mentioned that I would contact my client to discuss disclosure of the video footage. I have since made that contact and told you that, pursuant to your discovery request, we will provide you with a CD of the footage (subject to a confidentiality agreement). You indicated that you were fine with such an Agreement.

As for the value of the case, I asked you whether a settlement demand had been made previously. You indicated that you had not spoken with your client to formulate a settlement demand, but you also advised that the demand would exceed $200,000. I will provide this figure to my clients.

Thank you for your cooperation in this matter.

Very truly yours,

Michael S. Bogdanoff

MSB:kk
Enclosure